# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| CATHY MORRIS, ) | |
| ) | No. 2:09-cv-03267-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| KMART CORPORATION, DORMA ) | |
| AUTOMATICS INC., AND CAROLINA ) | |
| DOOR CONTROLS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on a motion for summary judgment brought by defendants Dorma Automatics Inc. (Dorma Automatics) and Carolina Door Controls, Inc. (Carolina Door) (collectively, defendants). For the reasons set forth below, the court denies defendants' motion.

## I. DISCUSSION

Plaintiff Cathy Morris brings this action against defendants for negligence and strict liability to recover damages for an incident that occurred on June 24, 2008, at a Kmart store in Charleston, South Carolina. Morris alleges that as she attempted to enter the store, the front entrance automatic doors closed on her, causing numerous injuries and resulting in emotional distress. Compl. ¶¶ 6-7, 14. Morris claims that Dorma Automatics manufactured and distributed the automatic doors and that Carolina Door installed and maintained the doors. Id. ¶¶ 4, 15.

The seventh amended scheduling order signed by this court set the deadline for plaintiff's identification of expert witnesses on November 2, 2011. On November 1, 2011, Morris timely identified Leonard Greene as a structural engineer and liability

1

expert, along with several medical providers, but failed to submit an expert witness report as required by Federal Rule of Civil Procedure 26(a)(2).[1]  Defendants filed the instant motion for summary judgment on December 2, 2011, arguing that without an expert report, Morris's claims fail as a matter of law.

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor.  Id. at 255.

Under South Carolina law, a "products liability case may be brought under several theories, including negligence, strict liability, and warranty."  Rife v. Hitachi Constr. Mach. Co., 609 S.E.2d 565, 568 (S.C. Ct. App. 2005).  Regardless of the particular theory, a plaintiff must establish:  "(1) that he was injured by the product; (2) that the product, at the time of the accident, was in essentially the same condition as when it left the hands of the defendant; and (3) that the injury occurred because the product was in a defective condition unreasonably dangerous to the user."  Allen v. Long Mfg. NC,

---

[1] Rule 26(a)(2)(A) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  This disclosure "must be accompanied by a written report . . . if the witness is one retained or specially employed to provide expert testimony in the case."  Fed. R. Civ. P. 26(a)(2)(B).

2

Inc., 505 S.E.2d 354, 356 (S.C. Ct. App. 1998) (internal quotation marks omitted). To prevail on a negligence claim, a plaintiff must additionally show that the defendant failed to exercise due care. Bragg v. Hi-Ranger, Inc., 462 S.E.2d 321, 326 (S.C. Ct. App. 1995).

A plaintiff in a products liability suit may allege a manufacturing defect, warning defect, or design defect. Morris proceeds on a manufacturing defect theory. Pl.'s Mem. Opp. Defs.' Mot. Summ. J. 7. Contrary to defendants' assertion, South Carolina law does not require plaintiffs to present expert testimony in manufacturing defect cases. In Watson v. Ford Motor Co., 699 S.E.2d 169 (S.C. 2010), the South Carolina Supreme Court held that *design* defect claims require expert testimony because they "necessarily involve sophisticated issues of engineering, technical science, and other complex concepts that are quintessentially beyond the ken of a lay person." Id. at 174. This court has similarly held that in a products liability action, to prove "defective design," a plaintiff "must establish proximate cause through competent expert testimony." Disher v. Synthes (U.S.A.), 371 F. Supp. 2d 764, 772 (D.S.C. 2005) (applying South Carolina law). The requirement "of presenting expert testimony to meet the burden of proof on subjects beyond the knowledge and understanding of lay jurors is by no means new." 5 Star, Inc. v. Ford Motor Co., 718 S.E.2d 220, 224 (S.C. Ct. App. 2011); see also 63B Am. Jur. 2d Products Liability § 1735. South Carolina jurisprudence does not go so far as to require that plaintiffs always present expert testimony in manufacturing defect cases.

Viewing the evidence in the light most favorable to Morris, the court finds that genuine issues of material fact exist as to whether the automatic doors were defective, whether the doors contained the alleged defect at the time they left defendants' control,

and whether the doors caused Morris's injuries because they were "in a defective condition unreasonably dangerous" to Morris. Allen, 505 S.E.2d at 356 (internal quotation marks omitted). Morris acknowledges that South Carolina law does not allow a plaintiff to rely on res ipsa loquitur to presume liability based on the accident itself, Brown v. Ford Motor Co., 287 F. Supp. 906, 910 (D.S.C. 1968) (applying South Carolina law), and instead relies on direct and circumstantial evidence to prove the elements of her claims. She is entitled to do so if she can.[2] If her evidence is insufficient at trial, then defendants can move for a directed verdict at that time.

## II. CONCLUSION

For the foregoing reasons, the court **DENIES** defendants' motion for summary judgment.[3]

**AND IT IS SO ORDERED**.

---

[2] Courts in other jurisdictions have held that a plaintiff may prove her manufacturing defect claim through circumstantial evidence. See, e.g., Taylor v. Cooper Tire & Rubber Co., 130 F.3d 1395, 1398 (10th Cir. 1997) (applying Utah law) ("[T]he general trend in the law is that plaintiffs may prove product defect through circumstantial evidence."); Owens v. Ford Motor Co., 297 F. Supp. 2d 1099, 1104 n.2 (S.D. Ind. 2003) (applying Indiana law) ("In manufacturing defect cases, expert evidence is not always required."); Krause Inc. v. Little, 34 P.3d 566, 571 (Nev. 2001) ("[E]xpert testimony is not always necessary to establish the existence of a manufacturing defect."). The court is aware that not all jurisdictions are in accord. See, e.g., Dailey v. Hoffman/New Yorker, Inc., No. 09-343, 2011 WL 5598908, at *3 (E.D. Ky. Nov. 17, 2011) (applying Kentucky law); Cothren v. Baxter Healthcare Corp., 798 F. Supp. 2d 779, 782 (S.D. Miss. 2011) (applying Mississippi law). As for Morris's negligence claim, it is well established that "negligence may be proved by circumstantial evidence as well as direct evidence." Chaney v. Burgess, 143 S.E.2d 521, 523 (S.C. 1965).

[3] As instructed by the court at oral argument, the parties should now submit a scheduling order that sets deadlines for the remaining discovery as well as Daubert motions.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**March 29, 2012
Charleston, South Carolina**